Asan OSMANI, Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 93–1538.

United States Court of Appeals,
Seventh Circuit.

Submitted Dec. 2, 1993.

Decided Jan. 10, 1994.

Richard H. Trais, Chicago, IL, for petitioner.

Fred Foreman, U.S. Atty., Office of the U.S. Atty., Crim. Div., Chicago, IL, Robert Kendall, Jr., Karen Fletcher Torstenson, Dept. of Justice, Office of Immigration Litigation, Washington, DC, and A.D. Moyer, I.N.S., Chicago, IL, for respondent.

Before POSNER, Chief Judge, and RIPPLE and ROVNER, Circuit Judges.

POSNER, Chief Judge.

A man who claims to be a Yugoslavian citizen of Albanian ethnicity and the Muslim

religion has petitioned us to review the decision by the Board of Immigration Appeals not to reopen his application for asylum. He claims to have a well-founded fear of persecution should he return to Yugoslavia. Immigration and Nationality Act §§ 101(a)(42)(A), 208(a), 8 U.S.C. §§ 1101(a)(42)(A), 1158(a). The case has a curious history and its handling by the immigration authorities leaves a great deal to be desired.

Osmani lived in the part of what was then Yugoslavia that was known as Macedonia. He came to the United States in 1984 and requested asylum on the basis of ethnic strife between ethnic Albanians and (other) Macedonians, called "Masadonians" by the immigration judge assigned to his case. The immigration judge denied his application and ordered him deported to Yugoslavia if he would not leave the United States voluntarily. That was in 1985. The Board of Immigration Appeals affirmed the immigration judge's order in 1989; the principal component of this four-year delay was an unexplained two-and-one-half-year delay in the filing of Osmani's appeal brief. In 1992 Osmani moved under 8 C.F.R. §§ 3.2, 3.8(a) to reopen the proceeding on the basis of new evidence; we do not know why Osmani was still in the country in 1992—so far as appears, the conditional deportation order issued in 1985 has never been stayed. The Board denied the motion in January 1993 in a brief order the meat of which is that the evidence submitted with the motion—newspaper articles that in the Board's words chronicled an "escalation" of the "recognized enmity" among "the various ethnic groups in Yugoslavia"—was insufficient to warrant reopening the proceeding because "general complaints about the treatment of Albanians in Yugoslavia do not constitute specific events which resulted in singling out the alien for persecution." It is from the denial of the motion to reopen that Osmani appeals to us.

What is remarkable about the Board's order denying that motion is not the decision itself, but the Board's insularity. As we have noted elsewhere, *Osaghae v. INS*, 942 F.2d 1160, 1163 (7th Cir.1991); *Bastanipour v.*

*INS*, 980 F.2d 1129 (7th Cir.1992), the Board seems unaware of the elementary facts of contemporary history, even those that bear vitally on its mission. Cf. *Balazoski v. INS*, 932 F.2d 638, 642–43 (7th Cir.1991). When the immigration judge denied Osmani's application for asylum in 1985 and when the Board of Immigration Appeals affirmed that decision in 1989, there was a Yugoslavia, and Macedonia was a part of it; and while there was ethnic unrest in Yugoslavia there was not, so far as we are aware, systematic persecution of ethnic Albanians, who composed (as they do today) a majority of the population of Kosovo, a province of Serbia, the largest state of Yugoslavia. By the time Osmani filed his motion to reopen his deportation proceeding, Yugoslavia had broken apart. It continued to exist, at least nominally, as a union of two states, Serbia (including Kosovo) and Montenegro, but Macedonia had become an independent nation and a three-cornered civil war was raging among Serbia, Croatia, and Bosnia–Herzegovina, the latter two being, like Macedonia, former but not present Yugoslav states. And in Kosovo there was great tension between Serbs and ethnic Albanians.

None of this mosaic, complicated perhaps but familiar to many newspaper readers, is reflected in the Board's opinion refusing to reopen Osmani's deportation. The opinion reads as if the only change from Yugoslavia in 1985 to Yugoslavia in 1993 had been a gradual increase in "enmity" among the various ethnic groups, rather than a splitting apart of the nation amidst civil war. We can disregard the immigration judge's reference to "Masadonians," for his opinion was oral, and the error may be that of the court reporter. But we cannot disregard the remarkable statement in the Board's 1989 opinion that a majority of Yugoslavs are (or rather were then, when Macedonia was still a part of Yugoslavia) Macedonians. The largest ethnic group in Yugoslavia has always been the Serbians.

Surely the Board can do better. Refugees from the Yugoslav civil war are clamoring for asylum in the United States. Is it not time that the members of the Board informed themselves about the world events that precipitate applications for asylum in the United States?

And if the Board had done so here it could have written an even shorter opinion. For once the situation in the former Yugoslavia is understood, the lack of merit of Osmani's petition to reopen becomes starkly clear. None of the evidence that he submitted in support of his motion to reopen concerns Macedonia. The evidence concerns Serbian mistreatment of Muslims in Bosnia and of ethnic Albanians in Kosovo. There is not a word about the situation of ethnic Albanians, or Muslims, or Albanian Muslims, in the new nation of Macedonia. Osmani has presented no evidence that if he is returned to Macedonia, his homeland, he will face persecution by reason of being an ethnic Albanian and Muslim.

Ordinarily we are not permitted to affirm the order of an administrative agency on a ground that the agency did not rely upon in making the order. *SEC v. Chenery Corp.*, 318 U.S. 80, 63 S.Ct. 454, 87 L.Ed. 626 (1943); *Osaghae v. INS, supra*, 942 F.2d at 1163. But there is an exception for the case where it is clear what the agency's decision has to be. *Thornburgh v. American College of Obstetricians & Gynecologists*, 476 U.S. 747, 756 n. 7, 106 S.Ct. 2169, 2176 n. 7, 90 L.Ed.2d 779 (1986); *Sahara Coal Co. v. Office of Workers' Compensation Programs*, 946 F.2d 554, 558 (7th Cir.1991); *Newell v. Director*, 933 F.2d 510, 512 (7th Cir.1991); *Cronin v. U.S. Dept. of Agriculture*, 919 F.2d 439, 443 (7th Cir.1990); *Illinois v. ICC*, 722 F.2d 1341, 1348–49 (7th Cir.1983); *Salt River Project Agricultural Improvement & Power Dist. v. United States*, 762 F.2d 1053, 1060 n. 8 (D.C.Cir.1985); *Time, Inc. v. U.S. Postal Service*, 667 F.2d 329, 334–35 (2d Cir.1981) (Friendly, J.). That exception is applicable to this case, since it is evident that Osmani presented no new evidence that would justify reopening his deportation proceeding.

There is, however, one wrinkle in the case that, while not remarked by Osmani, gives us pause. The immigration judge's original order, still in force, designates Yugoslavia as the country to which Osmani shall be deported if he refuses to leave voluntarily. If this order were taken seriously, Osmani's concern about Serbian persecution of ethnic Albanians and Muslims would be pertinent, Yugoslavia being dominated by Serbs. Since Osmani's homeland is Macedonia, which is no longer a part of Yugoslavia, and since the intention behind the conditional order of deportation was to return Osmani to his homeland, it seems likely that the failure to redesignate the country to which Osmani is to be deported (unless he leaves voluntarily) was an inadvertence resulting from the protracted character of the administrative proceeding. The authority to designate the country to which an alien is to be deported is vested in the Attorney General rather than in the courts, 8 U.S.C. § 1253(a), and the exercise of that authority is as we have noted not challenged by Osmani. We suggest, however, that the Board consider modifying the order to designate Macedonia as the country to which Osmani is to be deported if he refuses to leave voluntarily. The fact that the United States has not yet formally recognized Macedonia is no obstacle to such a modification. 8 U.S.C. § 1253(a)(4); cf. *Chan Chuen v. Esperdy*, 285 F.2d 353 (2d Cir.1960) (per curiam).

The petition for review is
DENIED.