30 F.3d 134
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Menan TAREVSKI, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 92-4246.
 United States Court of Appeals, Sixth Circuit.
 June 21, 1994.
 
 Before: MERRITT, Chief Judge; GUY and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Menan Tarevski petitions through counsel for review of an order of the Board of Immigration Appeals dismissing his appeal from a decision of an Immigration Judge denying his application for asylum or withholding of deportation under 8 U.S.C. Secs. 1158(a) and 1253(h). The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Tarevski is a native of the area of the former Yugoslavia which is now the independent country of Macedonia. He is ethnically Albanian and a Muslim. He entered this country in 1984 without inspection, and was served with an order to show cause why he should not be deported on that ground. Tarevski conceded deportability, but moved for asylum or withholding of deportation. A hearing was held before an Immigration Judge, at the conclusion of which the Immigration Judge denied the requested relief but granted Tarevski voluntary departure in lieu of deportation, pursuant to 8 U.S.C. Sec. 1254(e). Tarevski's appeal to the Board of Immigration Appeals (BIA) was dismissed, and this appeal followed. Tarevski also subsequently moved the BIA to reopen his case to allow him to apply for suspension of deportation pursuant to 8 U.S.C. Sec. 1254(a). This court, on motion of the respondent, originally placed the case in abeyance pending the BIA's action on this application. However, after ten months passed without any resolution of the motion, the court removed the case from abeyance status.
 
 
 3
 Upon review, we conclude that the finding of the BIA that Tarevski did not establish eligibility for asylum or withholding of deportation is supported by substantial evidence. See Klawitter v. I.N.S., 970 F.2d 149, 151 (6th Cir.1992). In order to merit the discretionary relief of asylum, the burden of proof is on the petitioner to show that he has a well-founded fear of persecution. Id. To be entitled to the mandatory relief of withholding of deportation, the petitioner must show a clear probability of persecution. I.N.S. v. Stevic, 467 U.S. 407, 413 (1984).
 
 
 4
 Tarevski failed to establish a well-founded fear of persecution on any of the grounds alleged. His argument that he feared persecution because of his refusal to join the civilian police force was negated by the fact that he remained in the country two years after this incident without being subjected to any persecution. His claim of inability to find a job due to his ethnicity and religion is not the type of persecution which qualifies an alien for asylum. See Zalega v. I.N.S., 916 F.2d 1257, 1260 (7th Cir.1990). The information submitted regarding the treatment of Albanians and Muslims in the Kosovo region was not relevant to Tarevski's situation in Macedonia. See Osmani v. I.N.S., 14 F.3d 13, 15 (7th Cir.1994). Tarevski may move the BIA to designate Macedonia instead of Yugoslavia as the deportation destination, in the event that he does not take advantage of voluntary departure. Id. Finally, Tarevski's claim in his application that he will be subject to persecution for having come to the United States was not supported by any evidence at the hearing or in the subsequent briefing.
 
 
 5
 For all of the above reasons, the petition for review of the order of the BIA is denied. The court's mandate will be stayed for thirty days in order to afford Tarevski the opportunity to seek a stay of deportation from the BIA pending resolution of his motion to reopen.