35 F.3d 574
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Ljubisa FILIMONOVIC, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 93-9569.
 United States Court of Appeals, Tenth Circuit.
 Aug. 1, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before TACHA and EBEL, Circuit Judges, and ROGERS,** District Judge.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this petition for review. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Petitioner seeks review of the decision of the Board of Immigration Appeals (BIA) denying his applications for asylum and withholding of deportation. Addressing first petitioner's claim for asylum,
 
 
 4
 [t]he [Immigration and Nationality] Act establishes a two-part test for determining whether a deportable alien is statutorily eligible for asylum. Step one requires the alien to show that he or she is a refugee by proving either past persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. Step two allows that once the alien has established statutory eligibility as a refugee, the Attorney General may apply his discretion in granting asylum. We apply the substantial evidence standard to a review of the Board's factual determination of whether an alien is a refugee, and an abuse of discretion standard to the Attorney General's decision of whether to grant asylum.
 
 
 5
 Castaneda v. INS, 23 F.3d 1576, 1578 (10th Cir.1994) (quoting Nguyen v. INS, 991 F.2d 621, 625 (10th Cir.1993) (citations and quotations omitted in original)).[2] "The asylum applicant must present 'specific facts' through objective evidence to prove either past persecution or 'good reason' to fear future persecution." Kapcia v. INS, 944 F.2d 702, 707 (10th Cir.1991) (citations omitted). " 'Persecution' or 'well-founded fear of persecution' encompass[es] more than just restrictions or threats to life and liberty." Baka v. INS, 963 F.2d 1376, 1379 (10th Cir.1992) (citations omitted).
 
 
 6
 Petitioner, who is ethnically Serbian and was a citizen of the former nation of Yugoslavia, conceded deportability but sought asylum, claiming he had suffered past persecution and currently possesses a well-founded fear of persecution, should he return to Yugoslavia, based upon his political opinion, and more specifically his anti-Communist beliefs. The record established the following: Before coming to the United States, petitioner held several positions, first as a technician and then as an economist, in a factory producing military goods, including explosives and chemical weapons, in addition to industrial equipment. He worked in this factory, beginning in 1976, until he left Yugoslavia to come to the United States in March 1987.
 
 
 7
 In September 1984, petitioner took part in a demonstration held in support of Poland's Solidarity movement. Police officials violently disrupted that demonstration, beating petitioner and others, and arresting a number of the demonstrators. Petitioner managed to escape arrest, but he asserts that those who were arrested gave his name to police, who subsequently began keeping him under surveillance. He further asserts that his participation in this demonstration adversely affected his salary.
 
 
 8
 In January 1985, police officials arrested petitioner and several of his friends while they were celebrating the Orthodox Church's New Year. Petitioner asserts that he is a member of the Orthodox Church, which the government deems to be anti-Communist. He also contends that government officials recorded his name each time he attended church.
 
 
 9
 In September 1986, petitioner attended a Serbian nationalist demonstration. Petitioner contends that, as a result, government officials recorded his name and continued to keep him under surveillance.
 
 
 10
 During a three-year period of time beginning in late 1983 or early 1984, petitioner began organizing work strikes at the factory and challenging the plant's management, which he considered incompetent. Petitioner supported several non-Communist candidates, because of their expertise, in elections for management positions within the factory. According to petitioner, the factory work force elected his non-Communist management candidates, but government officials nullified the election results because the plant's management personnel had to be members of the Communist party. Following the election, government officials questioned the four non-Communist candidates concerning their relationship with petitioner and then factory management terminated their employment. Those candidates subsequently warned petitioner that he should leave the country.
 
 
 11
 During all of this time, petitioner retained his job with the weapons factory, travelled throughout Eastern Europe during 1986 as part of the duties of his marketing position, was able to renew his passport in July 1986, and married a Czechoslovakian citizen in December 1986. The BIA, in dismissing petitioner's appeal from the Immigration Judge's denial of petitioner's application for asylum, determined that petitioner had failed to meet his burden of establishing either that he had been persecuted for his anti-Communist beliefs prior to his leaving Yugoslavia or that he currently possesses a well-founded fear of such persecution upon his return. In doing so, the BIA relied upon the fact that, throughout this time period, petitioner retained his job and the ability to travel. The BIA also pointed out that petitioner had failed to establish that the Communist authorities have ever taken any substantial action against him for his anti-Communist beliefs. After review of the record and consideration of the parties' appellate arguments, we determine that the record does contain substantial evidence to support the BIA's determination that petitioner failed to establish his eligibility for asylum.
 
 
 12
 In light of that determination, the BIA did not err in also denying petitioner's application for the withholding of deportation. See Castaneda, 23 F.3d at 1578 (" 'because petitioner failed to meet the threshold burden of establishing statutory eligibility for the grant of asylum, it is clear that [he] did not meet the tougher standard required for withholding of deportation' ") (quoting Nguyen, 991 F.2d at 626).
 
 
 13
 Petitioner has filed a motion with this court, pursuant to 28U.S.C 2347(c), seeking leave to adduce additional evidence before the BIA concerning the changing circumstances in the former nation of Yugoslavia. See generally Becerra-Jimenez v. INS, 829 F.2d 996, 1001 (10th Cir.1987) (2347(c) is available to petitioner seeking review of BIA decision). A petitioner will be entitled to a remand to the agency for an opportunity to adduce additional evidence if the petitioner can show to the satisfaction of the appellate court that (1) the evidence is material and (2) there are reasonable grounds for the petitioner's failure to adduce that evidence before the agency originally. Becerra-Jiminez, 829 F.2d at 1000 n. 4 (citing 28 U.S.C. 2347(c)).
 
 
 14
 In his motion, petitioner asserts that Yugoslavia no longer exists as an independent country and that war engulfs that region of the world. Further, petitioner contends that the current Serbian president is a "former hard-line communist, and the author of war crimes." Motion to Adduce Additional Evidence at 1. Assuming these facts to be true, petitioner has failed to establish how this new evidence is material to the question of whether, upon his return to that region, he himself will be singled out for persecution. See Refahiyat v. United States Dep't of Justice INS, No.93-9544, 1994 WL 324567, at * 3 (10th Cir. July 8, 1994); see also Milosevic, 18 F.3d at 373. " '[C]onditions of political upheaval which affect the populace as a whole or in large part are generally insufficient to establish eligibility for asylum.' " Milosevic, 18 F.3d at 373 (quoting Sivaainkaran v. INS, 972 F.2d 161, 165 (7th Cir.1992)). Further, petitioner fails to establish that the current "hard-line communist" leader would be more apt to persecute him than the former Communist regime.
 
 
 15
 Lastly, petitioner asserts that he cannot be deported to Yugoslavia because it no longer exists as an independent nation. But see Osmani v. INS, 14 F.3d 13, 14 (7th Cir.1994) (noting that Yugoslavia continued nominally to exist, comprised of Serbia and Montenegro, after the breakup of the former Republic of Yugoslavia). "The authority to designate the country to which an alien is to be deported is vested in the Attorney General rather than in the courts." Id. at 15 (citing 8 U.S.C.1253(a)). Petitioner remains free to request that the BIA modify its determination that he be deported to Yugoslavia. See id.; see also Henry v. INS, 8 F.3d 426, 431 (7th Cir.1993) (BIA granted petitioner's motion to redesignate Croatia, rather than Yugoslavia, as country of deportation after Croatia declared its independence from Yugoslavia, in order to effect the intent of original order that petitioner be returned to his homeland).
 
 
 16
 We, therefore, DENY petitioner's motion made pursuant to 28 U.S.C. 2347(c) and AFFIRM the BIA's denial of petitioner's applications for asylum and withholding of deportation.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 **
 Honorable Richard D. Rogers, United States District Judge for the District of Kansas, sitting by designation
 
 
 [2]
 On appeal, petitioner argues that the issue of whether an asylum applicant is a refugee is instead a conclusion of law, or at least a mixed question of law and fact, that should be reviewed de novo. In addition to the substantial line of authority in this circuit, beginning with Kapcia v. INS, 944 F.2d 702, 707 (10th Cir.1991), treating this issue as a question of fact reviewed under the substantial evidence standard, see, e.g., Bartesaghi-Lay v. INS, 9 F.3d 819, 822 (10th Cir.1993), the United States Supreme Court, see INS v. Elias-Zacarias, 112 S.Ct. 812, 815 (1992) (BIA's determination that applicant is not eligible for asylum must be upheld if supported by reasonable, substantial, and probative evidence on record as whole, citing 8 U.S.C. 1105a(a)(4)), and most circuits addressing this issue have applied this same substantial evidence standard of review, see, e.g., Ravindran v. INS, 976 F.2d 754, 758 (1st Cir.1992); Melendez v. United States Dep't of Justice, 926 F.2d 211, 218 (2d Cir.1991); Cruz-Lopez v. INS, 802 F.2d 1518, 1519 n. 1 (4th Cir.1986); Adebisi v. INS, 952 F.2d 910, 912 (5th Cir.1992); Klawitter v. INS, 970 F.2d 149, 151 (6th Cir.1992); Milosevic v. INS, 18 F.3d 366, 370 (7th Cir.1994); Safaie v. INS, No. 93-3541, 1994 WL 202393, at * 2 (8th Cir. May25, 1994); Berroteran-Melendez v. INS, 955 F.2d 1251, 1255 (9th Cir.1992); Perlera-Escobar v. Executive Office for Immigration, 894 F.2d 1292, 1296 (11th Cir.1990); cf. Janusiak v. United States INS, 947 F.2d 46, 47 (3d Cir.1991) ("We review Board decisions regarding asylum ... for abuse of discretion."). We, therefore, continue to apply the substantial evidence standard in reviewing the issue of whether petitioner is a refugee and thus statutorily eligible for asylum