Sacir **DEMIROVSKI**, Petitioner,

v.

**IMMIGRATION AND NATURALIZATION SERVICE**, Respondent.

No. 93–3762.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 7, 1994.

Decided Nov. 8, 1994.

Gary M. Spraker (argued), Chicago, IL, for petitioner.

Michael J. Shepard, Asst. U.S. Atty., Crim. Div., Chicago, IL, Karen Fletcher Torstenson, Dept. of Justice, Office of Immigration Litigation, Janet Reno, U.S. Atty. Gen., Samuel Der–Yeghiayan, I.N.S., Chicago, IL, Mark C. Walters, U.S. Dept. of Justice, Civ. Div., Immigration Litigation, William J. Howard, Emily Radford (argued), David J. Kline, Dept. of Justice, Office of Immigration Litigation, Washington, DC, for respondent.

Before CUMMINGS, FLAUM and RIPPLE, Circuit Judges.

RIPPLE, Circuit Judge.

Sacir Demirovski is a thirty-year-old native and citizen of Macedonia, a former republic of Yugoslavia. He is an ethnic Albanian and a practicing Muslim. Mr. Demirovski departed Yugoslavia in December of 1987 and entered Mexico on a tourist visa. Mr. Demirovski then entered the United States illegally at the Arizona–Mexico border on January 4, 1988. The Immigration and Naturaliza-

tion Service ("INS") apprehended Mr. Demirovski as an alien who had entered the United States without inspection. He conceded that he was eligible for deportation. The Board of Immigration Appeals denied his request for asylum and for withholding of deportation, but granted him voluntary departure. For the reasons that follow, we affirm the decision of the Board of Immigration Appeals and dismiss the petition for review.

## 1.

We first set out the essential facts contained in the record as it was developed before the Immigration Judge.

The petitioner was born and raised in Macedonia, but is an ethnic Albanian. His parents and most of his siblings reside there today. One brother lives in the United States.[1] The petitioner left Yugoslavia on December 29, 1987. Although he desired to come to the United States, he traveled on a tourist visa for Mexico because he had not been able to obtain authorization to enter the United States. At the time of his departure, he had no difficulty in obtaining a passport from the Yugoslavian government or in obtaining permission to leave and to reenter that country.[2] He stated that, if he returned to Yugoslavia, he would be imprisoned. However, he provided no explanation for that view. The petitioner stated that he left Yugoslavia because, as an ethnic Albanian, he could not find suitable work. He has the equivalent of high school and business-vocational training. Although he claimed religious persecution, he related that he was able to practice his Muslim faith without interference in his hometown. Although he alleged racial persecution, he provided no other information about the specifics of the alleged persecution, other than his inability to procure work. Although at one point he testified that he had been picked up by the police and beaten, he later testified that he had not been arrested, but that he had been stopped on the street and beaten for no

reason. Still later, he testified that this incident amounted to a beating during a demonstration by young Albanians before a local employment office several days before his departure. He stated that several others were arrested; he was not. No other information was provided.

As background information, the petitioner also provided to the Immigration Judge a compilation of articles describing the situation in Yugoslavia. Finally, the Immigration Judge noted that Albanian was the language of the petitioner's hometown. This language was the one in which he was educated.

On January 6, 1989, the Immigration Judge requested an advisory opinion from the Department of State's Bureau of Human Rights and Humanitarian Affairs ("Bureau"), concerning Mr. Demirovski's asylum application. The Bureau concluded that Mr. Demirovski did not possess a genuine and reasonable fear of persecution upon return to his homeland.

On the basis of this record, the Immigration Judge determined that the applications for asylum and for the withholding of deportation were baseless. The Immigration Judge held that Mr. Demirovski did not possess a "well-founded" fear of persecution upon return to Yugoslavia and that the asylum application was "frivolous" and likely filed "for no purpose other than to delay these proceedings." (R.47). Because these applications were frivolous, the Immigration Judge also determined that it was appropriate to deny the petitioner the discretionary relief of voluntary departure. Accordingly, he ordered the petitioner deported.

## 2.

■ The Board of Immigration Appeals dismissed in part and sustained in part the order of the Immigration Judge. (R.5). It dismissed the appeal as to the Immigration Judge's denial of the application for asylum and of the withholding of deportability. After reviewing the record, it determined that

---

1. This brother was not listed on the application for asylum, but the Immigration Judge determined that he was in the United States as a temporary resident.

2. The Immigration Judge noted that his obtaining travel papers from the Yugoslavian government seemed inconsistent with his statement that he could not return to the country.

the petitioner's testimony was lacking in credibility. There exist, it concluded, serious discrepancies, and the testimony is sketchy and lacking in detail. A petition that lacks veracity cannot satisfy the burdens of proof and persuasion necessary to demonstrate eligibility for asylum or the withholding of deportation. Even if the evidence of the petitioner were believed, continued the Board, none of the five statutory grounds for asylum has been established. However, it sustained the appeal as to the privilege of voluntary departure.

### 3.

After filing a petition for review in this court, the petitioner filed a motion in which he requested that he be allowed to withdraw his petition in order to file a motion to reopen the deportation proceedings. He claimed that recent events in the former Yugoslavia, notably the policy of "ethnic cleansing," placed him in fear of execution if he were returned to Macedonia. We denied the motion to stay the proceedings.

Before this court, the petitioner takes issue with the reasoning of the Immigration Judge and the Board. The mere fact that the petitioner was granted exit/reentry papers by the Yugoslavian government does not establish, he contends, that he will not be persecuted upon return. He concedes, however, that "[c]learly, his evidence does not compel reversal" under the substantial evidence test and that his request for asylum and application for withholding of deportation, "never met the criteria" set forth in *Milosevic v. INS*, 18 F.3d 366, 370 (7th Cir.1994). Appellant's Br. at 12. Mr. Demirovski submits that *Milosevic* "undermines the entire legal system" and, although not stated explicitly, requests that *Milosevic* not be applied. *Id.* The remainder of his argument stresses the danger presented to him by the "ethnic cleansing" policy currently implemented in the former Yugoslavia.

### 4.

We turn now to our review of the Board's order. Review of the Board's determination that Mr. Demirovski is not entitled to asylum or to the withholding of deportation is governed by the "substantial evidence" test. This deferential standard of review requires that this court uphold the Board's determination "if it is 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" 8 U.S.C. § 1105a(a)(4); *see Milosevic v. INS*, 18 F.3d 366, 370 (7th Cir.1994); *Sivaainkaran v. INS*, 972 F.2d 161, 163 (7th Cir.1992) (quoting *INS v. Elias–Zacarias*, 502 U.S. 478, ——, 112 S.Ct. 812, 817, 117 L.Ed.2d 38 (1992)).

In *Milosevic*, this court set forth in some detail the standards that govern the Board's consideration of the two forms of relief at issue in this case, asylum and the withholding of deportation. We noted in that case that the attorney general has the authority to grant asylum to "refugees." 8 U.S.C. § 1158(a). A refugee is a person who is unable or unwilling to return to his country because of past persecution or a "well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42). The grant of asylum is discretionary; the alien therefore has the burden of proof and, in order to establish eligibility, must establish: (1) that he is statutorily eligible because of past persecution or a "well-founded fear of persecution;" and (2) that the attorney general should exercise discretion to grant asylum. To possess a "well-founded fear," an alien must demonstrate a subjective element that the fear is genuine, and an objective element that there exists credible evidence to support a reasonable fear of persecution. *Milosevic*, 18 F.3d at 369–70. In short, a fear of persecution must be genuine and reasonable. *Sivaainkaran*, 972 F.2d at 164 n. 2.

To be eligible for withholding of deportation, the alien must establish that his life or freedom would be threatened in the country to which he is to be deported, "on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1253(h)(1). The alien must thus prove that it is more likely than not that he will be persecuted upon return. *INS v. Cardoza–Fonseca*, 480 U.S. 421, 430, 107 S.Ct. 1207, 1212, 94 L.Ed.2d 434

(1987). There must be a "clear probability" of persecution. *INS v. Stevic,* 467 U.S. 407, 413, 104 S.Ct. 2489, 2492, 81 L.Ed.2d 321 (1984).

■ In turning to the case before us, we note at the outset that the petitioner appears to admit that his case for asylum cannot meet the standards that we have just set forth. In any event, it is clear that the Board acted well within its authority when it determined that asylum ought not be granted because of the substantial credibility problems noted by the Immigration Judge with respect to the testimony of the petitioner. *See Khano v. INS,* 999 F.2d 1203, 1208 (7th Cir.1993) (holding contradictory testimony sufficient justification for Board to find alien ineligible for asylum). As in *Milosevic,* 18 F.3d at 371, the statements of the petitioner in his application differed in significant ways from those he presented at the hearing. Moreover, the petitioner was unable to supply specifics with respect to many of his allegations of persecution. *See Ademi v. INS,* 31 F.3d 517, 519 (7th Cir.1994) (upholding denial of asylum based on vague and conclusory testimony); *Hajiani–Niroumand v. INS,* 26 F.3d 832, 838 (8th Cir.1994) (denying asylum based on religious persecution because of vague testimony).

Even if we were to put the matter of credibility to one side, the Board's decision would rest on substantial evidence. The record here simply does not establish that the petitioner has a well-founded fear of persecution in his home country. The evidence at the hearing showed that he was able to live in his homeland without deprivation of his life or liberty. Indeed, his family continues to do so.

■ For the same reasons, we believe that the record supports the Board's decision that the petitioner ought to be denied withholding of deportation. The record simply does not establish that it is more likely than not that the petitioner would be subject to persecution upon return to his homeland. The Board's decision to deny this relief is clearly supported by substantial evidence.

**3.** The court assumes that the Immigration and Naturalization Service will amend the deportation order to designate Macedonia, rather than

**5.**

■ We now address the petitioner's claim that events that have occurred in the for or Yugoslavia in the time after the decision of the Immigration Judge require that he be granted relief. We believe that the law clearly has established that the proper course for the petitioner to pursue in this regard is to file a motion to reopen with the Board. *See* 8 C.F.R. § 3.2; *Sivaainkaran,* 972 F.2d at 165–66; *Rhoa–Zamora v. INS,* 971 F.2d 26, 34–35 (7th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1943, 123 L.Ed.2d 649 (1993).

### Conclusion

Accordingly, the decision of the Board of Immigration Appeals is affirmed and the petition for review is dismissed.[3]

DISMISSED.

Yugoslavia, as the country to which Mr. Demirovski will be deported. *See Osmani v. INS,* 14 F.3d 13, 15 (7th Cir.1994).