52 F.3d 325
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Prenka LUCOVIC, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-3400.
 United States Court of Appeals, Sixth Circuit.
 April 10, 1995.
 
 Before: MERRITT, Chief Judge; GUY and SILER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner, Prenka Lucovic, appeals from a final order of the Board of Immigration Appeals (BIA) ordering his deportation. Lucovic conceded deportability, but sought a withholding of deportation or asylum. The BIA found he did not qualify for either.
 
 
 2
 Upon reviewing the record, we conclude the BIA should be affirmed.
 
 I.
 
 3
 Lucovic is an Albanian who is a native and citizen of Yugoslavia. In 1986, at the age of 19, he illegally entered the United States. In 1989, the Immigration and Naturalization Service (INS) ordered Lucovic to show cause why he should not be deported. At the subsequent hearing before an Immigration Judge (IJ), Lucovic conceded deportability but sought asylum.[1]
 
 
 4
 In support of his application for asylum, Lucovic relied primarily on the fact that he had participated in demonstrations in the United States against the Yugoslavian government. He also relied on the historical persecution of the Albanians by the Serbs, and the fact that in recent years this persecution had increased, culminating in the president of Serbia taking away the autonomy of the Albanian people in Serbia.
 
 II.
 
 5
 The Attorney General is given discretionary authority to grant asylum to refugees. 8 U.S.C. Sec. 1158(a).[2] The alien bears the burden of proving eligibility for asylum. Gumbol v. INS, 815 F.2d 406, 408-09 (6th Cir.1987). To meet this burden, a petitioner must show a genuine subjective fear of persecution as well as an objectively reasonable probability that such persecution will occur.
 
 
 6
 In reviewing a decision by the BIA to withhold asylum, we determine whether "substantial evidence" supports the action of the BIA.
 
 
 7
 This is a highly deferential standard, and we must affirm the BIA if its decision is supported by reasonable, substantial, and probative evidence. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992) (quoting 8 U.S.C. Sec. 1105a(a)(4)). In this regard, it is not enough for a petitioner to demonstrate that substantial evidence supports a grant of asylum. A petitioner must further show that the BIA's denial of asylum was not supported by substantial evidence.
 
 
 8
 The record clearly supports a finding that as of the time Lucovic illegally entered the United States, he had no "well-founded fear" of being persecuted at home. While in Yugoslavia he had never been arrested and had no contact with the authorities whatsoever. In fact, there is no indication that he was engaging in activities that would have attracted the attention of the authorities.
 
 
 9
 Petitioner also admitted that he travelled to both Turkey and Italy in 1986 and he did not seek asylum in either country. He also admitted that at this time he had no reason to believe the Yugoslavian authorities were aware of his pro-Albanian and anti-Yugoslavian sentiments.[3] There is little doubt that when petitioner entered the United States illegally he was seeking an overall more hospitable environment, but he was not escaping from persecution.
 
 
 10
 Similarly unsubstantiated is Lucovic's claim that because he participated in three or four pro-Albanian demonstrations in the United States, he would be a target for persecution or worse if he returned to Albania. Although Lucovic references Yugoslavian "spies" in the United States who photograph and otherwise attempt to identify demonstrators, he offers no proof that such in fact occurs, or if it does, that he was photographed or identified.
 
 
 11
 Perhaps recognizing the dearth of proof to support any claim of individual persecution, petitioner also argues that Serbs persecute Albanians in general. Although petitioner did produce reports from Amnesty International documenting Serbian violence against Albanians in the Kosovo region of Serbia, petitioner lived in Montenegro, a province separate from Serbia. Lucovic offered no proof of Serbian violence against Albanians occurring in Montenegro. An argument similar to this one was recently rejected by the Seventh Circuit. In Osmani v. INS, 14 F.3d 13 (7th Cir.1994), the court held that an Albanian from Macedonia could not establish grounds for asylum by pointing to the mistreatment of ethnic Albanians in Kosovo.
 
 
 12
 It would be surprising if anyone living in the United States would want to return to Yugoslavia given the present state of unrest. Petitioner did not raise any claim relative to conditions in general, however, and has failed to demonstrate that the decision of the BIA is not supported by substantial evidence.
 
 III.
 
 13
 At the hearing before the IJ, petitioner supplied his own interpreter. Near the end of the proceedings, petitioner sought to call the interpreter, Mr. Lucaj, as a witness to testify about the demonstrations in which petitioner had participated in the United States. Lucaj also was to testify about the current condition in Yugoslavia, although he had not been there in the preceding three years. The IJ refused to allow Lucovic to call Lucaj, and Lucovic now claims this resulted in a deprivation of his due process rights.
 
 
 14
 There is no doubt that notwithstanding his alien status, Lucovic was entitled to due process at his deportation hearing. See Mathews v. Diaz, 426 U.S. 67, 77 (1976). In order to prevail on a due process claim, however, the alien must show that any error that occurred resulted in prejudice. Cuadras v. INS, 910 F.2d 567, 573 (9th Cir.1990).
 
 
 15
 When the error alleged is the improper exclusion of evidence, the alien must set forth the specific nature of the excluded evidence so that a determination can be made as to whether any prejudice ensued. Behbahani v. INS, 796 F.2d 249, 251 (9th Cir.1986). Petitioner failed to do so before the IJ, the BIA, and this court. Accordingly, we are unable to conclude that petitioner suffered any prejudice when he was not allowed to call Lucaj.[4]
 
 
 16
 AFFIRMED.
 
 
 
 [1]
 A request for asylum is deemed to include a request for withholding of deportation. 8 C.F.R. Sec. 208.3(b). We only reference asylum in our discussion, however, because the burden of proof placed on the alien is less in the asylum context than it is in the context of withholding of deportation. In asylum cases, the alien need only show a "well-founded fear of persecution," whereas to establish that withholding of deportation is appropriate, the alien must demonstrate a "clear probability of persecution." Stated another way, the alien must show that it is more likely than not that he will be persecuted if returned to his homeland. See, e.g., INS v. Stevic, 467 U.S. 407, 429 (1984)
 
 
 [2]
 A refugee is a person who is unwilling or unable to return to his native "country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion...." 8 U.S.C. Sec. 1101(a)(42)(A)
 
 
 [3]
 In this same vein, petitioner's claim of fear of persecution as a result of being Catholic is equally unpersuasive. The most the record supports is a finding that there may be some restrictions of being able to practice fully and openly Catholicism, but there is no evidence of actual persecution
 
 
 [4]
 To the degree that petitioner argues that it was error for the IJ to use Lucaj as the interpreter, we may not consider that claim because it was not raised in the proceedings before the BIA. Furthermore, Lucovic made no objection at the hearing to Lucaj's serving as the interpreter