76 F.3d 386
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Selim IMERI, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70243.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 4, 1995.
Decided Feb. 5, 1996.
 
 1
 Before: FLETCHER, KOZINSKI, and LEAVY Circuit Judges.
 
 
 2
 MEMORANDUM*
 
 
 3
 1. Substantial evidence supported the BIA's determination that Imeri's testimony wasn't credible. Imeri's willingness to come back to agitate in the very place where he now claims he can't return for fear of persecution is a substantial ground for doubting his testimony. AR at 4. The facial inconsistencies between his hearing testimony and the affidavit he submitted with his application for asylum were also substantial reasons not to believe him. Id. at 4-5; see also Saballo-Cortez v. INS, 761 F.2d 1259, 1264 (9th Cir.1985). Finally, the BIA rightly accorded deference to the Immigration Judge's evaluation. AR at 3-4; see also Hartooni v. INS, 21 F.3d 336, 340 (9th Cir.1994).
 
 
 4
 2. Contrary to Imeri's contention, the BIA did consider the supplemental newspaper articles he submitted to it. AR at 6 n. 1. Imeri's appeal nonetheless failed because he didn't give credible testimony that could raise "a specific inference of personal danger." Hartooni, 21 F.3d at 341-42. General newspaper accounts are not sufficient to create such an inference.
 
 
 5
 3. We don't address Imeri's ineffective assistance of counsel claim because he has not exhausted his administrative remedies. See Liu v. Waters, 55 F.3d 421, 424 (9th Cir.1995).
 
 
 6
 4. We note that the immigration judge designated Yugoslavia as the country of nativity and citizenship. AR at 28. Imeri hails from Macedonia which has, since the 1991 deportation proceedings, become an independent nation. See Osmani v. INS, 14 F.3d 13, 14 (7th Cir.1994). There are, however, indications that his family is residing in Serbia. See Petitioner's Opening Br. at 4; AR at 47. We suggest the Attorney General review the situation to determine whether Yugoslavia is still the appropriate destination if Imeri is to be deported. Osmani, 14 F.3d at 15.
 
 
 7
 PETITION DENIED.